# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
05/12/2021
CT Log Number 539538158

TO: Registered Agent Department
Business Filings Incorporated (Recipient Account Only)
8020 Excelsior Dr Ste 200
Madison, WI 53717-1998

RE: **Process Served in Florida**

FOR: WestCare Foundation, Inc.  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VANESSA SANCHEZ, Pltf. vs. WESTCARE FOUNDATION, INC, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21CA176P |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | Business Filings Incorporated, Tallahassee, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/12/2021 at 10:09 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/12/2021, Expected Purge Date: 05/17/2021<br><br>Image SOP<br><br>Email Notification,  Registered Agent Department  ctsop@bizfilings.com |
| **REGISTERED AGENT ADDRESS:** | Business Filings Incorporated<br>3458 Lakeshore Drive<br>Tallahassee, FL 32312<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**           Wed, May 12, 2021

**Server Name:**    George Thompson

| Entity Served | WESTCARE FOUNDATION, INC. |
|---|---|
| Agent Name | F00000007244 |
| Case Number | 21CA176P |
| Jurisdiction | FL |



5/13/2021
9:30 Am
1511
D.2

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

VANESSA SANCHEZ,

      Plaintiff,

v.

WESTCARE FOUNDATION, INC.,
a Foreign Not-for-Profit Corporation,

      Defendant.

_____/

CASE NO.: 21-CA-176-P

## SUMMONS IN A CIVIL CASE

**TO: WESTCARE FOUNDATION, INC.** through its Registered Agent:

      BUSINESS FILINGS INCORPORATED
      1200 SOUTH PINE ISLAND ROAD
      PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

      PETER M. HOOGERWOERD, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET, SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Kevin Madok, CPA

CLERK

_____
(BY) DEPUTY CLERK

5-3-2021

DATE

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

VANESSA SANCHEZ,                                   CASE NO.:

     Plaintiff,

v.

WESTCARE FOUNDATION, INC.,
a Foreign Not-for-Profit Corporation,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, VANESSA SANCHEZ ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant, WESTCARE FOUNDATION, INC. ("Defendant"), a Foreign Not-for-Profit Corporation, and in support avers as follows:

## **GENERAL ALLEGATIONS**

1. This is an action for declaratory and injunctive relief and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq.* ("FCRA"); Pregnancy Discrimination Act, as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("PDA"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") to redress injuries resulting from Defendant's unlawful, sexual and disability-based discriminatory treatment of Plaintiff and retaliation against Plaintiff.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Monroe County, Florida.

1

3. Defendant has a place of business in Monroe County, Florida – where Plaintiff worked for Defendant.

4. Venue is proper in Monroe County, Florida because all of the actions that form the basis of this Complaint occurred within Monroe County, Florida and damages are due in Monroe County, Florida.

5. Plaintiff is within a class of individuals protected by the ADA due to her physical impairments stemming from Plaintiff suffering from epileptic seizures.

6. Plaintiff alleges causes of action for violations of the ADA as a result of Defendant's adverse treatment, including but not limited to, denial of proper promotion opportunities.

7. Defendant was a "person" and/or an "employer" pursuant to Title VII and the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

9. Plaintiff is a female individual who suffers from epileptic seizures and is a member of a class of persons protected from discrimination in her employment under Title VII and the FCRA.

10. Plaintiff was an employee covered by the FCRA in that she was subjected to negative disparate treatment by his employer predicated on her disability stemming from epileptic seizures.

11. Plaintiff alleges causes of action for violations of the FCRA as a result of Defendant's adverse treatment, including but not limited to, denial of proper promotional opportunities.

12. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

14. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

15. Plaintiff was hired by Defendant as a "Client Advocate" on or about January 2015 at Defendant's Key Largo location. Plaintiff's duties included secretarial duties, keeping inventory of medicine at the facility, and assisting psychiatrists in their tasks.

16. On or about July 2018, Plaintiff applied for the position of "Prevention Research Assistant" ("PRA position") – a promotion within Defendant's company. Plaintiff believed she was qualified for the position due to her certifications as a Medical Assistant and Surgical Technician.

17. Plaintiff was pregnant on or about July 2018 and Defendant was aware previously of her afflictions with epileptic seizures.

18. On or about August 2018, Plaintiff was informed by Defendant that she did not receive the promotion. Defendant provided no reason to Plaintiff on why Plaintiff was not picked for the PRA position.

19. Plaintiff thought at the time that Defendant's choice for the PRA position was puzzling. Defendant hired Julian Luis Costa ("Julian"), who was the son of Plaintiff's supervision – Denise Costa ("Denise"). Julian was not only significantly less qualified for the position than Plaintiff, Julian was also arrested for drug possession prior to his hiring by Plaintiff.

20. Julian's past history with drugs is especially pertinent to Defendant because Defendant stores and administers controlled substances to its psychiatric patients it cares for in their facilities – including its facility in Key Largo.

21. When Plaintiff came back to work from her pregnancy sometime after August 2018, Denise questioned Plaintiff about her pregnancy and whether Plaintiff had suffered any seizures while pregnant. This line of questioning was not initiated by Plaintiff and came as a shock to Plaintiff.

22. On or about July 9, 2019, Plaintiff was informed by a co-worker – Laura Merrin – that the reason Plaintiff was not selected for the PRA position was due to her pregnancy at the time of application to the PRA position.

23. In the almost five (5) years that Plaintiff has been employed by Defendant, Plaintiff has never been written-up by the Defendant and has performed her employment duties competently.

## COUNT I
### Disability Discrimination in Violation of 42 U.S.C. § 12101

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

25. Plaintiff is a member of a protected class under the ADA.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

27. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered injuries stemming from a scooter accident.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of

4

Plaintiff's disability was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

5

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *Disability Discrimination in Violation of the FCRA*

35.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

36.  Plaintiff is a member of a protected class under the FCRA.

37.  By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

38.  Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from epileptic seizures.

39.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

41. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

7

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### *Gender Discrimination in Violation of the FCRA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

47. Plaintiff is a member of a protected class under the FCRA.

48. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

49. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant was aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff

8

possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents was willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

employment practices described herein;

   c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Pregnancy Discrimination in Violation of 42 U.S.C. 2000e(k)*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

58. Plaintiff is a member of a protected class under Title VII.

59. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Pregnancy Discrimination Act and Title VII.

60. Defendant knew, or should have known, of the discrimination.

61. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a.  Adjudge and decree that Defendant has violated the PDA and Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Gender Discrimination in Violation of 42 U.S.C. § 2000e*

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

63. Plaintiff is a member of a protected class under Title VII.

64. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

65. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

66. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant was aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

67. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

11

68. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

71. The actions of the Defendant and/or its agents was willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for

12

mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: *April 27, 2021*

Respectfully submitted,

_/s/Peter M. Hoogerwoerd__
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
Email: pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

Filing # 126030217 E-Filed 05/03/2021 12:34:15 PM

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

VANESSA SANCHEZ,

     Plaintiff,

v.

WESTCARE FOUNDATION, INC.,
a Foreign Not-for-Profit Corporation,

     Defendant.

_____/

CASE NO.: 21-CA-176-P

## SUMMONS IN A CIVIL CASE

**TO: WESTCARE FOUNDATION, INC.** through its Registered Agent:

     BUSINESS FILINGS INCORPORATED
     1200 SOUTH PINE ISLAND ROAD
     PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

     PETER M. HOOGERWOERD, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET, SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Kevin Madok, CPA

CLERK

(BY) DEPUTY CLERK

5-3-2021

DATE

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

VANESSA SANCHEZ,                                    CASE NO.:

     Plaintiff,

v.

WESTCARE FOUNDATION, INC.,
a Foreign Not-for-Profit Corporation,

     Defendant.

_____/

## **COMPLAINT**

     Plaintiff, VANESSA SANCHEZ ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant, WESTCARE FOUNDATION, INC. ("Defendant"), a Foreign Not-for-Profit Corporation, and in support avers as follows:

### **GENERAL ALLEGATIONS**

1. This is an action for declaratory and injunctive relief and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"); the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq*. ("FCRA"); Pregnancy Discrimination Act, as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("PDA"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") to redress injuries resulting from Defendant's unlawful, sexual and disability-based discriminatory treatment of Plaintiff and retaliation against Plaintiff.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Monroe County, Florida.

1

3. Defendant has a place of business in Monroe County, Florida – where Plaintiff worked for Defendant.

4. Venue is proper in Monroe County, Florida because all of the actions that form the basis of this Complaint occurred within Monroe County, Florida and damages are due in Monroe County, Florida.

5. Plaintiff is within a class of individuals protected by the ADA due to her physical impairments stemming from Plaintiff suffering from epileptic seizures.

6. Plaintiff alleges causes of action for violations of the ADA as a result of Defendant's adverse treatment, including but not limited to, denial of proper promotion opportunities.

7. Defendant was a "person" and/or an "employer" pursuant to Title VII and the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

9. Plaintiff is a female individual who suffers from epileptic seizures and is a member of a class of persons protected from discrimination in her employment under Title VII and the FCRA.

10. Plaintiff was an employee covered by the FCRA in that she was subjected to negative disparate treatment by his employer predicated on her disability stemming from epileptic seizures.

11. Plaintiff alleges causes of action for violations of the FCRA as a result of Defendant's adverse treatment, including but not limited to, denial of proper promotional opportunities.

12. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

2

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

14. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## **FACTS COMMON TO ALL COUNTS**

15. Plaintiff was hired by Defendant as a "Client Advocate" on or about January 2015 at Defendant's Key Largo location. Plaintiff's duties included secretarial duties, keeping inventory of medicine at the facility, and assisting psychiatrists in their tasks.

16. On or about July 2018, Plaintiff applied for the position of "Prevention Research Assistant" ("PRA position") – a promotion within Defendant's company. Plaintiff believed she was qualified for the position due to her certifications as a Medical Assistant and Surgical Technician.

17. Plaintiff was pregnant on or about July 2018 and Defendant was aware previously of her afflictions with epileptic seizures.

18. On or about August 2018, Plaintiff was informed by Defendant that she did not receive the promotion. Defendant provided no reason to Plaintiff on why Plaintiff was not picked for the PRA position.

19. Plaintiff thought at the time that Defendant's choice for the PRA position was puzzling. Defendant hired Julian Luis Costa ("Julian"), who was the son of Plaintiff's supervision – Denise Costa ("Denise"). Julian was not only significantly less qualified for the position than Plaintiff, Julian was also arrested for drug possession prior to his hiring by Plaintiff.

3

20. Julian's past history with drugs is especially pertinent to Defendant because Defendant stores and administers controlled substances to its psychiatric patients it cares for in their facilities – including its facility in Key Largo.

21. When Plaintiff came back to work from her pregnancy sometime after August 2018, Denise questioned Plaintiff about her pregnancy and whether Plaintiff had suffered any seizures while pregnant. This line of questioning was not initiated by Plaintiff and came as a shock to Plaintiff.

22. On or about July 9, 2019, Plaintiff was informed by a co-worker – Laura Merrin – that the reason Plaintiff was not selected for the PRA position was due to her pregnancy at the time of application to the PRA position.

23. In the almost five (5) years that Plaintiff has been employed by Defendant, Plaintiff has never been written-up by the Defendant and has performed her employment duties competently.


## COUNT I

### *Disability Discrimination in Violation of 42 U.S.C. § 12101*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

25. Plaintiff is a member of a protected class under the ADA.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

27. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered injuries stemming from a scooter accident.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of

4

Plaintiff's disability was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

5

    b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *Disability Discrimination in Violation of the FCRA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

36. Plaintiff is a member of a protected class under the FCRA.

37. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

38. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from epileptic seizures.

39. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

6

40. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

41. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

7

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.


## COUNT III

### *Gender Discrimination in Violation of the FCRA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

47. Plaintiff is a member of a protected class under the FCRA.

48. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

49. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant was aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff

8

possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents was willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

9

employment practices described herein;

c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Pregnancy Discrimination in Violation of 42 U.S.C. 2000e(k)*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

58. Plaintiff is a member of a protected class under Title VII.

59. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Pregnancy Discrimination Act and Title VII.

60. Defendant knew, or should have known, of the discrimination.

61. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.   Adjudge and decree that Defendant has violated the PDA and Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

10

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V

### *Gender Discrimination in Violation of 42 U.S.C. § 2000e*

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

63. Plaintiff is a member of a protected class under Title VII.

64. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

65. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

66. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant was aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

67. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

11

68. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

71. The actions of the Defendant and/or its agents was willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for

12

mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: ***April 27, 2021***

Respectfully submitted,

  **/s/Peter M. Hoogerwoerd**
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
Email: pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

13

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

VANESSA SANCHEZ,                                CASE NO.:

     Plaintiff,

v.

WESTCARE FOUNDATION, INC.,
a Foreign Not-for-Profit Corporation,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO: WESTCARE FOUNDATION, INC.** through its Registered Agent:

       BUSINESS FILINGS INCORPORATED
       1200 SOUTH PINE ISLAND ROAD
       PLANTATION, FL 33324

  **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

       PETER M. HOOGERWOERD, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET, SUITE 2200
       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                                          DATE

_____
(BY) DEPUTY CLERK

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

       **I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MONROE</u>  COUNTY, FLORIDA

<u>VANESSA SANCHEZ</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>WESTCARE FOUNDATION, INC.</u>
 Defendant

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

      **III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>5</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Peter M Hoogerwoerd</u>      Fla. Bar # <u>188239</u>
      Attorney or party            (Bar # if attorney)

<u>Peter M Hoogerwoerd</u>           <u>04/27/2021</u>
 (type or print name)           Date